# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BOUNTY MINERALS, LLC, | ) | CASE NO. 5:17-cv-1695 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CHESAPEAKE EXPLORATION, LLC, et al., | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiff's Motion for Leave to Amend Complaint and Remand. (Doc. No. 54 ["Mot."]; Doc. No. 55 (Memorandum In Support ["Memo."]).) Defendants oppose the motion (Doc. No. 58 ["Opp'n"]), and plaintiff has filed a reply. (Doc. No. 68 ["Reply"].) For the reasons that follow, the motion is denied.

## I. BACKGROUND

The operative pleading in this case is the Second Amended Complaint ("SAC"). (Doc. No. 36.) Plaintiff Bounty Minerals, LLC ("Bounty Minerals") is a company that "purchases oil and gas rights, including lease royalty interests," in property located in Ohio and surrounding states. (SAC ¶ 6.) Defendants Chesapeake Operating, LLC and Chesapeake Exploration, LLC (collectively "Chesapeake") are comprised of a gas company and affiliated entities that hold working interests in oil and gas leases. (*See id.* ¶¶ 43-45.) On July 11, 2017, Bounty Minerals filed suit in state court against Chesapeake to recover royalties it believes are owed it by Chesapeake under the terms of several oil and gas leases. The original complaint raised two breach of contract claims and one claim for declaratory judgment pursuant to Ohio Rev. Code §

2721.01 *et seq*. On August 14, 2017, Chesapeake removed the action to federal court on the basis of diversity jurisdiction. (Doc. No. 1 (Notice of Removal) ¶ 9.)

A brief review of the procedural history is necessary to provide context for the present motion. Within days of removal, Chesapeake moved to compel arbitration with respect to one of the subject leases, and to stay the action relative to the remaining leases pending the outcome of arbitration. (Doc. No. 7.) Bounty Minerals ultimately countered by moving to amend the complaint to remove from the litigation the lease that served as the basis for Chesapeake's request for arbitration. (Doc. No. 16.) On December 1, 2017, the Court granted Bounty Minerals' motion to amend, permitting Bounty Minerals to file an amended complaint that omitted the lease with the arbitration clause. (Doc. No. 22 (Memorandum Opinion and Order); Doc. No. 25 (First Amended Complaint ["FAC"]).) Accordingly, the Court also denied Chesapeake's motion to stay, given that the lease in question was no longer a part of the litigation. (*Id*. at 1115.[1])

On January 8, 2018, the Court conducted a telephonic case management conference, at which time it set dates and deadlines to govern this case. (Minutes, 1/8/2018.) Particularly relevant to the present motion to amend, the Court identified March 1, 2018 as the deadline for adding parties and amending pleadings, and July 2, 2018 as the deadline for completing non-expert discovery. (Doc. No. 30 (Case Management Plan and Trial Order ["CMPTO"]).)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

2

Two days later (on January 10, 2018), Chesapeake moved for partial dismissal of the amended complaint. (Doc. No. 31.) In lieu of a response to Chesapeake's Rule 12(b)(6) motion, Bounty Minerals filed a motion for leave to file a second amended complaint to, among other things, "address the issues raised in the Partial Motion to Dismiss." (Doc. No. 32 (motion); Doc. No. 33 (Memorandum in Support) at 1637.) On February 14, 2018, the Court granted Bounty Minerals' motion to amend, finding that the proposed amended complaint cured the alleged deficiencies set forth in Chesapeake's dispositive motion and that justice so required an opportunity to amend. (Doc. No. 35 (Memorandum Opinion) at 1648.)

On June 21, 2018, the parties filed a joint motion to amend the CMPTO, citing difficulties encountered in scheduling depositions, and proposed new dates and deadlines. (Doc. No. 43 (Joint Motion).) The Court granted the motion and issued an Amended CMPTO ("Am. CMPTO"). (Non-Document Order, dated 6/27/2018; Doc. No. 44 (Am. CMPTO).) Consistent with the parties' proposal, the Am. CMPTO provided that the deadline for adding parties or amending pleadings had passed. (Am. CMPTO at 1949.) The Am. CMPTO further provided that non-expert discovery had been extended until August 17, 2018. (*Id.*)

On August 10, 2018, Bounty Minerals filed the present motion to amend and remand. On August 20, 2018, the Court conducted a status conference with counsel and the parties. During the conference, the Court discussed with the participants a schedule for completing briefing on Bounty Minerals' motion to amend, as well as the possibility of mediation. Counsel advised that Chesapeake was considering the sale of its interests in the subject leases. Counsel further agreed to explore the possibility of a global settlement in this and related actions. (Minutes, dated 8/20/2018.)

On August 31, 2018, the parties filed a joint motion to temporarily stay the dates and deadlines in the Am. CMPTO. (Doc. No. 59.) In their motion, the parties sought a 45-day stay of this action so the parties could participate in mediation. The Court granted the joint motion, suspending the deadlines in this case and tolling the briefing on Bounty Minerals' motion to amend and remand. (Doc. No. 61 (Order).) On November 2, 2018, at the parties' request, the Court extended the stay. (Non-Document Order, dated 11/2/18.)

Mediation failed to produce a resolution. Accordingly, on January 10, 2019, the Court lifted the stay and further amended the Am. CMPTO. The Court set April 12, 2019 as the new date for filing dispositive motions. No new dates for non-expert discovery and adding parties and amending pleadings were set, as the time for such action had passed. (Non-Document Order, dated 1/10/2019.) The Court also directed the parties to complete briefing on Bounty Minerals' motion to amend and remand. (*Id.*) The motion is now fully briefed and ripe for resolution.

**II. MOTION TO AMEND AND REMAND**

In its motion, Bounty Minerals seeks "to file a Third Amended Complaint, which will add additional defendants, resulting in a loss of diversity and requiring the case be remanded to the Court of Common Pleas of Carroll County, Ohio, where it originally commenced." (Mot. at 2098.) Specifically, Bounty Minerals wishes to add CHK Utica, LLC ("CHK Utica"), Total E&P USA, Inc. ("TEPUSA"), and Pelican Energy, LLC ("Pelican"), all of whom it alleges have working interests in one or more of the subject leases. Because TEPUSA and Bounty Minerals are both citizens of Delaware and Texas, Bounty Minerals argues that complete diversity no longer exists pursuant to 28 U.S.C. § 1332(c)(1). According to Bounty Minerals, "[t]he requested amendment is appropriate because [p]laintiff only recently learned the full role of additional non-

diverse parties whose actions are closely intertwined with the claims already made against" Chesapeake. (Memo. at 2342.)

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure, which allows a plaintiff to amend a complaint "once as a matter of course" within twenty-one (21) days of a defendant's answer or a dispositive motion, and, thereafter with leave of court. Fed. R. Civ. P. 15(a)(1)(B) & (a)(2). When leave is sought pursuant to Rule 15(a)(2), a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, when a case has been removed to federal court and the amendment to the complaint would divest the court of jurisdiction, Congress has left the decision to the discretion of the courts." *Cooper v. Thames Healthcare Grp., LLC*, No. 13-14-GFVT, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014) (citing 28 U.S.C. § 1447(e)); *see Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (noting that, under 28 U.S.C. § 1447(e), a district court may exercise its discretion to deny a motion to join non-diverse defendants whose joinder would destroy federal jurisdiction).

Courts in the Sixth Circuit use a four-factor test when considering a motion to amend a complaint under § 1447(e): "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend was denied, and (4) any other equitable factors." *Telecom Decision Makers*, 654 F. App'x at 221; *see Barnett v. MV Transp., Inc.*, No. 3:14-CV-00250-TBR, 2014 WL 1831151, at *2 (W.D. Ky. May 8, 2014) (collecting cases). "The four factor analysis is designed to aid a court in determining whether a motion to amend has been filed for an improper purpose." *City of Cleveland v. Deutsche Bank*

*Tr. Co.*, 571 F. Supp. 2d 807, 824 (N.D. Ohio 2008). Accordingly, the first factor is considered to be of paramount importance in a court's analysis. *Id*. (citing, among authority, *Boyd v. Diebold, Inc.*, 97 F.R.D. 720, 723 (E.D. Mich. 1983) ("In cases where joinder will necessitate a remand to state court, the Court should pay particular attention to the motive underlying the plaintiff's motion to amend.")); *see Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011) (The proper analysis under § 1447(e) "is necessary to prevent amendments motivated simply by the plaintiff's desire to return to state court, as opposed to a desire to add a party whose presence is needed to secure complete relief.") (citing *Fayer v. High's of Baltimore*, 541 F. Supp. 2d 752, 756-58 (D. Md. 2008)).

The Court finds that the first factor—the extent to which the purpose of the amendment is to defeat federal jurisdiction—weighs in favor of denying the motion. The fact that Bounty Minerals' motion to amend was filed contemporaneously with its motion to remand, "the sole basis of which is lack of diversity, compels an inference that the purpose of amending [the complaint] is to divest this Court of jurisdiction." *Barnett*, 2014 WL 1831151, at *3; *see Telecom Decision Makers*, 654 F. App'x at 221; *see, e.g., Lawson v. Lowe's Home Ctrs., LLC*, No. 5:13-374-KKC, 2015 WL 65117, at *4 (E.D. Ky. Jan. 5, Ohio 2015).

Additionally, while Bounty Minerals claims that it was not "*clear*" as to the "*exact role*" of these entities until it received the most recent responses to its written discovery requests, it was aware that these entities shared a working interest in the subject leases with Chesapeake since the time it filed the present action in state court. (Memo. at 2345-47.) In fact, Bounty Minerals identified these companies as having a working interest in these leases in each of its pleadings. (Doc. No. 1-1 (Complaint) at 16 n.1; FAC at 1135 n.1; SAC ¶¶ 46-47.)

6

Notwithstanding this knowledge, Bounty Minerals waited until five months after the deadline for adding parties and amending the complaint—and just two weeks before the close of fact discovery in the case—to file the instant motion.[2] Under these circumstances, the Court finds that Bounty Minerals' dilatory conduct—the second factor—also weighs in favor of denying the amendment. *See, e.g., Kunkel v. CUNA Mut. Ins. Soc.*, No. 2:11-CV-492, 2011 WL 4948205, at *3 (S.D. Ohio Oct. 18, 2011) (denying motion to amend where plaintiff "identified Hopewell as defendant's agent in the original *[c]omplaint* and thus could have joined Hopewell as a defendant at that time.").

The third and fourth factors also counsel against permitting the amendment. Bounty Minerals "could, of course, file a separate action" against the non-diverse proposed defendant in state court. *See Seaway Painting Co. v. Burlington Ins. Grp., Inc.*, No. 12-15496, 2013 WL 12183414, at *3 (E.D. Mich. Oct. 28, 2013) (denying motion to amend and finding no prejudice where plaintiff could sue newly proposed defendants in a separate action in state court). Bounty Minerals does not even suggest that these new entities are necessary parties to this litigation, and its fear of "unnecessary multiple litigation, could easily have been avoided by naming all the defendants in [the] original state court complaint." *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 264 (E.D.N.Y. 2009); *see Rogers v. Travelers Prop. Cas. Ins. Co.*, No. 1:10-CV-475, 2011 WL 1124406, at *2 (N.D. Ohio Mar. 25, 2011). As for the fourth factor—other equitable considerations—this case is not, as Bounty Minerals has suggested, in its early stages. Discovery is closed and the summary judgment deadline is fast approaching. Permitting the

---

[2] Despite multiple requests to amend the CMPTO, Bounty Minerals never moved to extend the pleading deadline.

amendment would necessitate the reopening of discovery in state court, significantly delaying the prosecution and resolution of these claims.

Such a conclusion is not disturbed by Bounty Minerals' argument, raised for the first time in its reply brief, that it should be permitted to further amend the SAC to add yet another defendant. According to Bounty Minerals, while this case was stayed pending the outcome of mediation, Chesapeake's corporate parent transferred some or all of its interests in the subject leases to EAP Ohio, LLC ("EAP Ohio").[3] (Reply at 2402.) Though it concedes that Chesapeake remains "responsible for conduct and liabilities through the date of the sale[,]" it suggests that EAP Ohio is responsible for any conduct after the date of the sale. (*Id.* at 2403.) It, therefore, seeks leave to amend to add a separate declaratory judgment action against EAP Ohio. (*Id.*)

Bounty Minerals' attempt to embed an additional motion to amend within its reply brief is inappropriate, and this "motion," therefore, is not properly before the Court. Moreover, the argument that the Court should remand because it would be ill-advised to exercise jurisdiction over a potential declaratory judgment action represents a new argument in support of its original motion to amend and remand. (*Id.* at 2406.) It is well established that a reply brief is not the proper vehicle to raise new arguments. *See, e.g., Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

That said, the Court could defer ruling on the original motion for a second time while it permitted briefing on this new issue. However, Bounty Minerals has not established that the Court would likely exercise its discretion and permit such a claim under the Declaratory

---

[3] In its response brief, Chesapeake references the "anticipated" sale to EAP Ohio but notes that it "would have no effect on the Court's diversity jurisdiction over this case." (Opp'n at 2364, n.1.) Likewise, Bounty Minerals does not suggest that the addition of EAP Ohio to this litigation would frustrate diversity jurisdiction.

Judgment Act.[4] *See Scottsdale Ins. Co.*, 513 F.3d at 554 (setting forth factors to determine whether district court abused its discretion in declining jurisdiction under 28 U.S.C. § 2201). While the proposed declaratory judgment action would clarify the relationship between Chesapeake and EAP Ohio, it would not resolve the underlying controversy. *See, e.g., Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 787 (E.D. Ky. 2008) (declining jurisdiction because, among other reasons, the declaratory judgment action would not resolve the underlying controversy). Again, the breach of contract claims in the SAC address Chesapeake's alleged conduct prior to the sale, and Bounty Minerals concedes that Chesapeake remains liable for that conduct. This case has already been delayed on several occasions. It is unlikely that the Court would permit a further delay while Bounty Minerals explores this new relationship between Chesapeake and EAP Ohio.[5]

The balance of equities compels the conclusion that Bounty Minerals should not be permitted to further amend its complaint to defeat federal jurisdiction. While all of the factors weigh in favor of denying the motion, the importance of the first factor, alone, dictates such a result.

---

[4] In fact, Bounty Minerals argues that the Court *should not* exercise jurisdiction over the very claim it seeks leave to plead. (*See* Reply at 2406.)

[5] The third and fifth factors guiding the analysis under 28 U.S.C. § 2201—the presence of procedural fencing and the existence of an alternative remedy—also would seem to point toward denying such a claim. The procedural posture in which this new argument is raised suggests procedural fencing and forum shopping, especially when there exists an alternative remedy in the state courts; namely, a declaratory judgment action in state court under Ohio Rev. Code § 2721.01 *et seq.*

## III. CONCLUSION

For all the foregoing reasons, Bounty Minerals' motion to amend and remand is DENIED.

**IT IS SO ORDERED**.


Dated: February 26, 2019

                                                                                     
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**